IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


WILLIAM T. WULIGER, RECEIVER,

                   Plaintiff,                Case No. 3:02 CV 1513
      -vs-

                                         O  R  D  E  R
STAR BANK, et al.,

                   Defendant.
KATZ, J.

The plaintiff, Receiver William T. Wuliger, brought this action against several defendants, Star Bank, N.A. among them, seeking to recover assets that another person misappropriated, allegedly through and with the help of third parties (including Star Bank). The succession of court-appointed receivers have pursued numerous defendants in numerous cases, recovering from some, and failing to recover from others and, whether they have recovered or not in each instance, the receivers have charged the receivership for the fees and costs associated with those suits. Star Bank expects any amounts the receiver collected from actions against other third parties will reduce Star Bank's liability, if any (and the receiver does not dispute this) because the receivership should not be able to double recover. Star Bank now asks the court, however, to reduce its potential liability by the gross amount collected from other third parties without subtracting the Receiver's attorneys' fees. The current Receiver opposes this, saying that only the net amount collected (the gross amount won less the costs of litigating) should offset Star Bank's liability.

Star Bank asserts that reducing the amounts the Receiver recovered from other third parties by the costs associated with those recoveries (that is, the attorneys' fees and litigation costs) would amount to assessing Star Bank with those fees and costs. Star Banks suggests that

attorneys' fees for actions against third parties only apply when the primary party causes his opponent to have to litigate against a third party and do not apply here since the Receiver could have proceeded just against Star Bank and obtained the full amount of the loss from the bank. This argument is unpersuasive for two reasons.

First, Star Bank relies on a common tort principle, but gives that principle a very restrictive reading. Normally each party to a tort suit is responsible for his own fees, but if one party causes another to have to prosecute or defend litigation against a third party, he can be liable for the costs of that litigation. *Reiner v. Kelley*, 457 N.E.2d 946, 952-953 (Ohio. Ct. App. 1983) ("One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action." (*quoting* RESTATEMENT OF THE LAW, TORTS, 2D, SECTION 914)); *see also Werner v. Primax Recoveries, Inc.*, No. 3:07-CV-2430, 2008 WL 4159431 (N.D. Ohio, Aug 6, 2008) (noting that Ohio has adopted a separate tort action for recovering attorneys' fees incurred litigating as a result of another's tort).

Star Bank seeks to limit this tort by saying that the bank did not cause the Receiver to litigate against the other third party tortfeasors because the Receiver could have pursued only the bank and not the others. It says that at no point did the bank require or compel the Receiver to proceed against these numerous other defendants; the Receiver took these pursuits on himself and if he had forgone those and just pursued Star Bank, he may have avoided all these fees. Star Bank has not provided the court with any indication that Ohio's adoption of this tort principle was so limited. Both parties rely on *Richeson v. Select Comfort Retail Corp.*, No. 4:09-CV-2284, 2012

2

U.S. Dist. LEXIS 44120 (N.D. Ohio Mar. 29, 2012). In that case, Mr. Richeson filed an action against Select Comfort after they sold a couch to one Ms. Gottschalt on credit in his name. Select Comfort claimed they expended over $113,000 litigating against Mr. Richeson and, after both those parties settled and voluntarily dismissed the action against each other, Select Comfort sought those fees from Ms. Gottschalt, claiming that her tort (buying a couch on Mr. Richeson's credit) caused them to have to defend themselves and counterclaim against Mr. Richeson. The court reduced the fees and awarded a default judgment against Ms. Gottschalt and in favor of Select Comfort based on the Restatement principle.

Star Bank claims that *Richeson* stands for the concept that fees are recoverable only when the tortfeasor *forces* another into a suit with a third party. Ms. Gottschalt, the tortfeasor, did force Select Comfort to defend itself against Mr. Richeson's complaint, but Star Bank's *Richeson* analysis ignores two things: first, Select Comfort also counterclaimed against Mr. Richeson, which makes it harder to argue that Ms. Gottschalt forced all their efforts; and, second, even if Ms. Gottschalt had forced Select Comfort into the entire suit, the holding does not limit the tort to only cases where someone is forced into litigation. States, including Ohio, that have adopted § 914(2) have taken it not as a fee-shifting statute, but as a separate tort, the quantum of damages being any cost (including attorneys' fees) that the defendant has caused the plaintiff to endure because of his breach. *See e.g. Werner v. Primax Recoveries, Inc.*, No. 3:07-CV-2430, 2008 WL 4159431 (N.D. Ohio, Aug 6, 2008) (noting that Ohio adopted this as a separate tort); *Engstrom v. Mayfield*, 195 Fed.Appx 444, 451 (6th Cir. 2006) (noting that since Tennessee adopted the same Restatement provision, "it is not the implied indemnity agreement exception, but the independent tort theory exception that the plaintiffs rely on in this case.").

3

The test for this tort, then, is not whether Star Bank "forced" the Receiver to pursue the other parties, but whether Star Bank's breach was the proximate cause of the Receiver's attorneys' fees expenditure in pursuit of these third parties. The Receiver's suit against Star Bank alleges that the bank was liable for the misappropriation of funds along with numerous other defendants. The court must assume this allegation is true for purposes of deciding this motion. Star Bank has resisted judgment on this question for ten years and the Receiver used the intervening time to pursue the co-tortfeasors and, had he not, the opportunity to do so may have evaporated. These facts, as alleged by the Receiver, and if true, could be the basis for finding Star Bank liable for the tort of causing the Receiver to expend attorneys' fees and other costs pursuing other co-tortfeasors. This alone forecloses Star Bank's argument that the damages allegation should exclude fees expended by the Receiver pursuing and recovering from other third party tortfeasors.

Second, if the court accepted Star Bank's argument, it would create an end-run around the American Rule principle on which Star Bank heavily relies (that is, the principle that each party, even the prevailing party, bears his own attorneys' fees (*see Wilborn v. Bank One Corp.*, 906 N.E.2d 396, 400 (Ohio 2009) (noting that, aside from certain exceptions, "a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation."))). If the Receiver had forgone the other suits and only proceeded against Star Bank and, assuming he prevailed for the full amount of the loss, then Star Bank would have to proceed against its co-tortfeasors to get them to share in the loss. When it proceeded against them, it would not be able to obtain attorneys' fees (per the American Rule). It would have borne those costs itself. Thus, if the court did not reduce the amounts the Receiver recovered from the other third parties by the fees expended doing

4

so, then Star Bank could potentially enjoy the benefit of the Receiver's recovery work without expending the funds it would have incurred if it pursued those recoveries itself.

Star Bank and the Receiver disagree about how much of the recovered money is attributable to Star's liability; Star Bank claims $13.57 million recovered and the Receiver claims only $5.86 million is attributable to Star Bank's side of the misappropriation. The court need not presently resolve this question because, in any case, the recovery far exceeds the attorneys' fee bill, currently at $1.78 million. This means that there is a benefit – a significant benefit – that Star Bank has received from the Receiver's efforts. If the court had adopted Star Bank's hypothetical approach of just proceeding against the bank for the whole amount, it may have incurred the entire liability (not reduced by the double recovery rule) or it may have incurred attorneys' fees similar to those the Receiver expended in bringing suits against the other tortfeasors. In either case, the benefit to Star Bank is apparent and counting the receipts from the other suits as a credit to Star without counting the costs of obtaining those receipts would unjustly confer a benefit on Star Bank that would conceptually violate the American Rule on which Star Bank relies.

Because Star Bank has not shown a legal basis for doing so, the court DENIES its motion to exclude costs and fees from the potential damage award (Doc. 192).

IT IS SO ORDERED.

4   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE